**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

No. 10-30902
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAROY BLACKMORE,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:08-CR-27-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Laroy Blackmore pleaded guilty, pursuant to a plea agreement, of being a felon in possession of a firearm. He appeals the denial of his motion to suppress a gun and marihuana that he argues were seized pursuant to his illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arrest outside his truck.

The parties dispute whether Blackmore was arrested outside his truck, or was merely subjected to an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968), when a police officer instructed him to get out of the truck and attempted to handcuff him after smelling marihuana and noticing a marihuana cigar in the car. It is irrelevant, however, whether Blackmore was illegally arrested at that point, because, as the district court determined, subsequent events gave the police sufficient probable cause to arrest him.

Even where a defendant is subject to an illegal arrest, suppression of evidence is proper only where the evidence was "obtained 'by exploitation of [the alleged] illegality' rather than 'by means sufficiently distinguishable to be purged of the primary taint.'" *United States v. Ibarra-Sanchez*, 199 F.3d 753, 761 (5th Cir. 1999) (alteration in original) (quoting *Wong Sun v. United States*, 371 U.S. 471, 488 (1963)). Independent probable cause that develops after an illegal arrest is "a critical factor attenuating the taint of the initial illegal arrest." *United States v. Cherry*, 794 F.3d 201, 206 (5th Cir. 1986).

After he got out of the truck and while the officer was attempting to handcuff him, Blackmore broke free, Blackmore pulled out a weapon, and fled and was arrested by other officers. The gun, which formed the basis of his conviction, and some marihuana were seized in conjunction with the arrest. Blackmore's actions after he got out of the truck provided probable cause for his formal arrest and broke the causal link between any illegal arrest outside the truck and the seizure of the evidence following his capture. *See United States v. Sheppard*, 901 F.2d 1230, 1235-36 & n.11 (5th Cir. 1990) (holding that flight after assaulting officers broke the nexus between the challenged police conduct and the evidence seized following the arrest); *United States v. Nooks*, 446 F.2d 1283, 1288 (5th Cir. 1971) (stating that illegal flight broke the nexus between the illegal arrest and the search subsequent to apprehension).

The judgment of conviction is AFFIRMED.